UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 19-07010 AG (ASx) | Date | October 21, 2019 |
|---|---|---|---|
| Title | MGA ENTERTAINMENT, INC. V. ZURU, LLC ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Melissa Kunig | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**[IN CHAMBERS] ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

Plaintiff MGA Entertainment, Inc. sued Defendant Zuru, LLC in Los Angeles Superior Court asserting state law claims for trademark infringement, trade dress infringement, and violations of California's Unfair Competition Law ("UCL"). (Compl., Dkt. No. 1-1.) Defendant removed to this Court, claiming jurisdiction was proper under 28 U.S.C. § 1441(a). (Notice of Removal, Dkt. No. 1 at 2.) Now, Plaintiff moves to remand this case back to state court, arguing that this Court lacks jurisdiction over its state law claims. (*See* Mot., Dkt. No. 23-1.)

The Court GRANTS Plaintiff's motion to remand. The Court REMANDS this case to Los Angeles Superior Court. All other pending matters are VACATED.

1.    **BRIEF BACKGROUND**

The following facts are taken mostly from Plaintiff's complaint. The Court's purpose here is only to provide some background about the case.

Both Plaintiff and Defendant are toy companies. (*See* Compl. at ¶¶ 5, 7.) One of Plaintiff's most popular toys is called L.O.L. Surprise! (*Id.* at ¶ 12.) Plaintiff partly attributes the success of L.O.L Surprise! To its "distinctive design: an opaquely wrapped spherical container, which, when opened, reveals 'surprise' individual toys inside." (Mot. at 3 (citing Compl. at ¶ 13).) Accordingly, Plaintiff registered the L.O.L. Surprise! Trade dress with the California Secretary of State. (Compl. at ¶ 18.)

Plaintiff alleges that Defendant has attempted to piggyback on the success of L.O.L Surprise! by creating a knock-off version of the toy that Defendant calls 5 Surprise. (Mot. at 4 (citing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 19-07010 AG (ASx) | Date | October 21, 2019 |
|---|---|---|---|
| Title | MGA ENTERTAINMENT, INC. V. ZURU, LLC ET AL. | | |

Compl. at ¶ 33); *see also* Compl. at ¶ 30.) Plaintiff claims that the design of 5 Surprise is strikingly similar to L.O.L. Surprise. (Compl. at ¶¶ 29-32) Consequently, Plaintiff asserts that consumers are regularly duped into buying a 5 Surprise toy thinking they are actually purchasing a L.O.L. Surprise! toy. (*Id.* at ¶¶ 33-35.)

Thus, to protect the L.O.L. Surprise! trade dress against consumer confusion, Plaintiff filed this lawsuit against Defendant in Los Angeles Superior Court asserting state law claims for trademark infringement, trade dress infringement, and violations of the UCL. (Compl. at ¶¶ 40-49, 50-54, 55-59.) Despite the lack of any federal claim in this case, Defendant removed to this Court, claiming Plaintiff's claims nonetheless arise under federal law. (*See* Notice of Removal at 2-3.)

## 2. LEGAL STANDARD

The Court can decide only those cases it has subject matter jurisdiction over. Indeed, "[f]ederal courts are courts of limited jurisdiction," and they possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Constitution provides, in Article III, § 2, that "[t]he judicial Power [of the United States] shall extend . . . to all Cases . . . arising under this Constitution, the Laws of the United States . . . [or] between Citizens of different States." And Congress has authorized district courts to exercise jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). In that vein, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). As this Court has often stated, "[n]othing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 19-07010 AG (ASx) | Date | October 21, 2019 |
|---|---|---|---|
| Title | MGA ENTERTAINMENT, INC. V. ZURU, LLC ET AL. | | |

### 3. ANALYSIS

This case doesn't involve diversity jurisdiction. So for federal jurisdiction to be proper, Defendant, as the removing party, must show this matter "aris[es] under the Constitution, laws, or treaties of the United States," and thus presents a federal question. 28 U.S.C. § 1331. Here, because Plaintiff pleads only state law claims, a federal question only exists if one of Plaintiff's claims "turn[s] on substantial questions of federal law." *Grable & Sons Metal Prods., Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 308 (2005). For this to be true, the state law claim must "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314.

Relying on this legal framework, Defendant asserts numerous reasons why this case belongs in federal court. The Court groups these reasons into four categories and separately addresses each category in the subsections below.

#### 3.1 Whether a Federal Copyright or Trademark Question Exists

Defendant first argues that federal question jurisdiction exists because Plaintiff's complaint artfully pleads federal copyright and trademark claims. (Opp'n, Dkt. No. 25 at 3-7.) In support, Defendant points to several things, though none persuade the Court that a federal question exists. First, Defendant offers two communications it received from Plaintiff—one predating this lawsuit and one postdating it. In those communications, Plaintiff accuses Defendant of infringing on it's "U.S. and international copyright and trademark rights[,]" among other things. (Opp'n at 3.) These communications don't create a federal question for at least two reasons. First, jurisdiction here is measured by Plaintiff's properly pled complaint, and not by outside evidence of communications between the parties. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (federal question jurisdiction generally exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.") And second, Plaintiff's threat to assert a federal claim (or even Plaintiff's mistaken belief that it did assert such a claim) doesn't mean a federal claim was indeed asserted. *See id.* at 394-95 ("It is true that [plaintiffs] . . . could have brought suit under [federal law]. As masters of the complaint, however, they chose not to do so.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 19-07010 AG (ASx) | Date | October 21, 2019 |
|---|---|---|---|
| Title | MGA ENTERTAINMENT, INC. V. ZURU, LLC ET AL. | | |

Defendant next points to two sets of allegations in Plaintiff's complaint. The first set of allegations concerns Plaintiff's UCL claim. These allegations generally assert that Defendant violated the UCL by misappropriating Plaintiff's "L.O.L Surprise! Works, L.O.L Surprise! Marks, and L.O.L. Surprise! Trade Dress." (*See* Compl. at ¶¶ 56-57, 59.) According to Defendant, the "only reasonable interpretation" of the word "Works" here, "refers to asserted copyright protection." (Opp'n at 7.) Similarly, Defendant argues the word "Marks" "generally encompass[es] trademarks, which would without limitation, include federal trademarks." (Notice of Removal at 2.) The Court disagrees. Plaintiff's sparse use of the words "Works" and "Marks" doesn't transform Plaintiff's UCL claim, which is based on California trade dress violations, into a claim for federal copyright or trademark infringement. A quick glance at Plaintiff's other UCL allegations confirms as much. For example, Plaintiff alleges:

> Defendants' actions . . . with respect to Defendants' misappropriation of Plaintiffs' [*sic*] L.O.L. Surprise! Trade Dress in connection with the offer for sale, sale, advertisement, and packaging of Infringing Products have violated the unfair competition laws of the State of California, specifically California Business and Professions Code §§ 17200 *et seq*.

(Compl. at ¶ 58.) And the clear thrust of Plaintiff's complaint as a whole is for violations of state trade dress and trademark law, not violations of federal copyright or trademark law. (*See* Compl. at ¶¶ 13, 17, 42, 44, 45-47, 50, 52, 53, 58-57.) So a federal question doesn't exist on this basis.

What about the second set of allegations? These allegations, which appear almost exclusively in Plaintiff's prayer for relief, purport to seek injunctive and declaratory relief for Defendant's infringement of Plaintiff's "trademarks, copyrights, or other rights." (*Id.* at ¶ C.) Defendant specifically takes issue with the repeated use of the word "copyrights" in this section of Plaintiff's complaint. (*See* Opp'n at 3-5.) But Plaintiff insists that the various copyright references are "stray," "non-operational," "unnecessary," and "simply boilerplate language" that has "zero relevance to any of [Plaintiff's] actual claims." (Mot. at 14, n.4.) Consequently, Plaintiff says that "[t]his Court could strike every single reference to copyright, and there would not be a single substantive change to the complaint." (Reply, Dkt. No. 26 at 3.) Based on these representations, the Court indeed finds such references should be stricken. *See* Fed. R. Civ. P. 12(f) (authorizing the Court to, on its own authority, strike from a pleading "any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 19-07010 AG (ASx) | Date | October 21, 2019 |
|---|---|---|---|
| Title | MGA ENTERTAINMENT, INC. V. ZURU, LLC ET AL. | | |

redundant, immaterial, impertinent, or scandalous matter"). The Court thus STRIKES the copyright references in Plaintiff's complaint. (Compl. at ¶¶ 34, C.)

Still, Defendant says Plaintiff has artfully pled federal claims because Plaintiff's complaint requests "Lanham Act remedies." This is so, according to Defendant, because "the scope of the relief requested" captures federal trademark rights, presumably through use of the word "trademarks" and "Marks" in the complaint. (*See* Opp'n at 6; *see also* Compl. at ¶¶ 56-57, 59, C.) (Defendant also makes a related argument about nationwide relief, but the Court addresses that argument later in Section 3.2.) The Court isn't convinced. Much like the word "Works," Plaintiff's use of the words "trademarks" and "Marks" doesn't mean Plaintiff seeks relief under the Lanham Act. These words can be explained by Plaintiff's assertion of a *state law* trademark claim—a claim that arguably eliminates the need to specify that "Marks" and "trademarks" refers to *state* trademarks only.

Having cast this word battle aside, the Court finds nothing else in Plaintiff's claims that "necessarily raise[s]" a "substantial" and "disputed" Lanham Act issue. *See Grable*, 545 U.S. at 314. The fact that Plaintiff could have asserted Lanham Act claims, but chose not to, is irrelevant. *See Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996) ("When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim."). And the same can be said for *how* Plaintiff decided to "procure" its state trademark and trade dress registrations. (*See* Opp'n at 6 (suggesting a federal question exists because Plaintiff relied on "the Lanham Act," "related federal authority," and "federally registered marks" in "procur[ing]" its state registrations).) Finally, contrary to Defendant's suggestion, the mere fact that Plaintiff's state claims may "overlap and track Lanham Act language" fails to create a federal question since these claims don't necessarily depend on aspects of federal law. *See* Cal. Bus & Prof. Code § 14272 (providing that federal law is "nonbinding" on California courts "interpreting and construing" California trademark and trade dress law). (*See* Notice of Removal at 10-11.) Thus, Defendant fails to show the existence of artfully pled federal trademark and copyright claims.

At bottom, nothing in Plaintiff's complaint raises a federal copyright or trademark question that gives rise to federal jurisdiction here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 19-07010 AG (ASx) | Date | October 21, 2019 |
|---|---|---|---|
| Title | MGA ENTERTAINMENT, INC. V. ZURU, LLC ET AL. | | |

### 3.2 Whether Plaintiff's Request for Nationwide Relief Raises a Federal Question

The Court moves on to Defendant's second set of arguments, which concern Plaintiff's request for "nationwide relief and enforcement." (Opp'n at 7.) Though confusingly stated, Defendant seems to be arguing that, because nationwide relief is only available through federal trademark and trade dress claims, Plaintiff is actually asserting federal law claims. (*Id.* at 7-8.) Plaintiff disputes Defendant's underlying assumption: that nationwide relief isn't available through Plaintiff's state law claims. To this point, Plaintiff insists that "California courts readily offer nationwide relief—including nationwide injunctive relief—in cases like this one." (Mot. at 14.) In support, Plaintiff cites two California cases, both holding that nationwide relief is indeed possible where only state law claims are alleged. *See People v. ex rel. Mosk v. Nat'l Research Co. of Cal.*, 201 Cal. App. 2d 765, 776 (1962); *Allied Artists Pictures Corp. v. Friedman*, 68 Cal App. 3d 127, 136-37 (1977). That's enough to defeat Defendant's argument here since, at this stage, the Court doesn't make merits-based determinations about the relief requested. Rather, the Court need only determine whether such relief necessarily presents a disputed and substantial federal issue. And Defendant hasn't convinced the Court that it does.

### 3.3 Whether Plaintiff's Claim Are Completely Preempted by the Copyright Act

For Defendant's third round of arguments, Defendant contends Plaintiff's claims are completely preempted by the Copyright Act. (*See* Opp'n at 8-12; Notice of Removal at 7-9.) Generally, "the pre-emptive effect of a federal statute" is considered a defense to a state law claim and thus "will not provide a basis for removal" to federal court. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2006). But *complete* preemption is different. Complete preemption applies when a federal statute "wholly displaces" a state law claim, making that claim removable under 28 U.S.C. Section 1441(b). *Id.* at 8.

As a preliminary point, the parties disagree over whether the Copyright Act can completely preempt a state law claim. Apparently, the Supreme Court has never answered this question, and neither has the Ninth Circuit. (*See* Mot. at 9.) But the Court need not reach this threshold issue here. Why? Because even assuming the Copyright Act had a completely preemptive effect, it wouldn't preempt Plaintiff's claims here. The reason is two-fold. First, most of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 19-07010 AG (ASx) | Date | October 21, 2019 |
| Title | MGA ENTERTAINMENT, INC. V. ZURU, LLC ET AL. | | |

Defendant's preemption arguments depend on language in the complaint that has already been stricken, or that was already discussed (and dismissed) in previous sections of this order. (*See* Opp'n at 8-11.) And second, Defendant's remaining argument—that Plaintiff's trade dress claim actually seeks copyright protection for theft of intellectual content—isn't persuasive. (*Id.* at 11-13.) This argument depends wholly on Plaintiff's use of "images of [its] toys that are found only after the packages are opened, and which cannot constitute trade dress and were not the subject of the state trade dress registration." (*Id.* at 13.) But surely, Plaintiff's inclusion of photos displaying product elements not subject to state trade dress registration doesn't prove Plaintiff is seeking copyright protection for those elements instead. To the contrary, the written allegations in Plaintiff's complaint make clear Plaintiff only seeks trade dress and trademark protection for L.O.L. Surprise!'s distinctive packaging and recognizability, not for the "intellectual content" of the toy itself. (*See* Compl. at ¶¶ 13, 17, 42, 44, 45-47, 50, 52, 53, 58-57.) Plaintiff's repeated assertion that its primary concern here is consumer confusion, instead of the impermissible copying of ideas, further supports this conclusion. (*Id.* at ¶¶ 28, 33, 34, 36-37, 44-45, 46-47.) *See Mercado Latino, Inc. v. Indio Prods., Inc.*, 649 Fed. App'x. 633, 634 (9th Cir. 2016) (explaining that "traditional trade dress claim[s]" involve allegations that a "design [is] so similar to [a plaintiff's] protected trade dress that consumers are confused into believing that [the defendant's] [products] are [plaintiff's].") Consequently, Plaintiff's trade dress allegations don't "raise any concern that its claims will . . . conflict with the law of copyright" and thus aren't completely preempted under the Copyright Act. *See id.*

Defendant's reliance on *JustMed, Inc. v. Byce*, 600 F.3d 1118 (9th Cir. 2010), is misplaced. *JustMed* involved an affirmative claim that required construction of the Copyright Act. *JustMed*, 600 F.3d at 1124-25 (involving a claim based on the work-for-hire doctrine). So of course, that claim was preempted by the Copyright Act and "ar[ose] under the federal law governing copyrights." *Id.* at 1125. That's much different than the situation here since none of Plaintiff's claims require construction of the Copyright Act. Thus, Copyright Act preemption doesn't confer federal question jurisdiction over Plaintiff's claims.

### 3.4 Whether Plaintiff's Complaint Raises a Federal Patent Question

Defendant's final argument for federal jurisdiction is no doubt its weakest. For this argument, Defendant contends a federal question exists because "whether [Plaintiff] has a valid trade

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 19-07010 AG (ASx) | Date | October 21, 2019 |
|---|---|---|---|
| Title | MGA ENTERTAINMENT, INC. V. ZURU, LLC ET AL. | | |

dress registration is necessarily going to involve evaluation of a federal patent." (Opp'n at 13.) This is so, according to Defendant, because "[a]n affirmative . . . element of a prima facie claim for trade dress infringement . . . is that the trade dress is non-functional." (Opp'n at 14.) True, "aspects of a product which are functional cannot be monopolized" through a state trade dress or trademark claim. *See KGB, Inc. v. Giannoulas*, 104 Cal. App. 3d 844, 856 (1980). But determining functionality doesn't require substantive analysis of federal patent law. Rather, it's simply a question of whether a person is seeking protection for the nonprotectable "utilitarian aspects of products"—such as the "size and shape of pills; the shape, size and color of fishing lures; or the design of clothing . . . ." *Id.* (citations omitted). Perhaps some federal patent law (or even the existence of a federal patent) is persuasive on this point. But that doesn't mean functionality necessarily depends on federal patent law, let alone a substantial and disputed question of such law. *See Grable*, 545 U.S. at 308. Thus, federal question jurisdiction doesn't exist on this basis.

**4. DISPOSITION**

The Court GRANTS Plaintiff's motion to remand. The Court REMANDS this case to Los Angeles Superior Court. All other pending matters are VACATED.

At bottom, it's inappropriate to deny a state court judge the opportunity to hear this state court case, particularly since Plaintiff opted to file in state court, and given this Court's duty to jealously guard its limited jurisdiction. *See Ceja-Prado*, 333 F.3d at 1051.

Any arguments not addressed in this lengthy order either weren't convincing or didn't need to be addressed at this time.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | mku | |